Good morning, your honors, counsel. May it please the court. My name is Matt Hayhurst, and I'm here today on behalf of the petitioner, John Simbolon. Mr. Simbolon is here today in court with his wife and two of his three daughters. On their behalf, I'd like to thank the court for giving us the opportunity to present oral argument today. I'd like to, with the court's indulgence, address two issues, two recent issues that were not addressed in the briefing. The first issue relates to whether the vacator of Compion divests this court of jurisdiction to review Mr. Simbolon's appellate ineffective assistance of counsel claim, as alluded to in the government's 28-J letter from last week. The board's jurisdiction over post-removal ineffective assistance of counsel claims does not The alleged ineffective assistance of counsel occurred some 18 months after the order of removal. I thought that that's what the issue of the Compion left open. That the vacating order left open. I think that's right, your honor. I think it left it open, except to the extent that there's already some guidance from the board within the Ninth Circuit's jurisdiction from Los Angeles in the Soriano-Vino case, which was cited. And in that case, the board indicated, and the citation on that is 2003 Westlaw 23508567. And there the court said that it does have jurisdiction, this is the board, it does have jurisdiction in certain circumstances to reissue its decisions, but only due to board error or administrative problems involving the receipt of the board's decision. If you have an issue involving the failure to file a brief with the Ninth Circuit, as required by the court's order in a briefing schedule, I think it poses a different question. And even if the vacator of Compion leaves that question open, then the Derringer opinion steps in. And in Derringer, this court held squarely, and I quote, a claim of ineffective assistance of counsel occurring after the BIA has ruled may be raised with the board by filing a motion to reopen. However, failure to do so does not bar this court from hearing the claim. Counsel, counsel, I need you to do something for me. As opposed to using the citations to show it isn't barred, I'd appreciate it if you would lay out your theory of jurisdiction in positive terms, exactly what it is that we're reviewing and why we have jurisdiction to review it. And then show which citation supports which part of your theory. The reason I'm doing that, of course, is saying something is not barred by something else doesn't mean that we have authority to do it. It just means that something doesn't, some particular thing, doesn't prevent us from having authority to do it. I understand. And my reliance, Your Honor, would be on the Derringer case. Before you get to the cases, lay out your positive theory. OK. My theory would be that- What are we reviewing, first of all? It has to start with that. Pardon me? What are we reviewing is the first step in the theory. You would be reviewing an ineffective assistance of counsel claim based on prior counsel's failure to file a brief with the Ninth Circuit. That error would involve due process occurring before the Ninth Circuit Court of Appeals, which is a separate tribunal, a separate branch of government. OK, so what we're doing is reviewing a failure to file a brief in a previous petition for review. Correct. Now, I don't recall that that was litigated before the BIA or that there was a Lozada proceeding on that particular claim. Correct. Now, how would we know without that whether the lawyer, the Lozada has a purpose, not just to keep the alien honest, but also to find out what happened. For example, if the deal with the lawyer was I'll pay you $5,000 and you represent me through all proceedings, including filing a brief on appeal, and he never comes in with the money, then there's no ineffective assistance. He never agreed to represent him on the appeal. We don't know that without a Lozada proceeding. So what do we know and how do we get jurisdiction? In terms of what we know, Your Honor, I would submit that the facts in this case are undisputed as to what happened. There are some various differences among prior counsel and Mr. Cimbalon about the understanding as to what was to occur. However, it is undisputed that the prior counsel prepared the petition for review as if it were pro se, but she's the one who wrote it. She's the one who directed that it be filed. Often lawyers do that because they don't want to commit themselves to the whole proceeding until they get paid. And if that were the case, Your Honor, I would make the argument that it is nonetheless ineffective assistance of counsel to fail to inform the court that the papers were prepared by a particular attorney who is appearing in a very limited capacity and will be withdrawing from the court at that point. Now, that's just a theory. Why do we have jurisdiction? What case gives us jurisdiction over that claimed ineffective assistance without a Lozada proceeding? I would argue it's Derringer, Your Honor. But isn't the real problem, to pursue Judge Kleinfeld's questions slightly differently, that you still need some cause of action, some way of getting in court? And both Derringer and Singh, which allowed us, were habeas cases. Didn't you have to file a habeas? I would say that's an option, Your Honor. But if it's not, if you don't file a habeas, I mean, a habeas is a something. You know, you're making an allegation, you have a cause of action, you're doing something. What are you doing here? You're not appealing, you're not seeking review of a board decision, because there isn't a board decision. What is getting you into court on a petition for review under these circumstances? Our argument, Your Honor, would be that we were brought into court by the prior petition for review. And so to the extent we needed a sort of baseline to stand on. Maybe you just show up and say, I want, I want, what? I want to vacate the earlier order? Are you asking, is this basically a motion for a, for a withdrawal as a mandate? What is it? I think that's part of it, Your Honor. As the possible remedies we requested, one of them would be to reinstate the prior appeal. Is there any authority for doing this? My understanding, and I think we fairly routinely do this in screening cases, for example, is we say, if there is a jurisdictional, if a petition for review is jurisdictionally late, for example, and there's an explanation that they didn't get the order, we say, we dismiss it because it's jurisdictionally late as far as we're concerned. Without prejudice to filing, either with the board or habeas, seeking to have established ineffective assistance and have the board, and ask the board to reissue. But I've never seen anybody come here directly on that. Do you have any authority for that? I would say, Your Honor, that under General Order 2.4, the court has the authority to reinstate and recall the mandate, as you mentioned, and reinstate that prior appeal. Do you have any authority for it? Because Farriger is not that, and Singh is not that. They're both habeas, right? Correct, yes. And no, I cannot name a case for you that involves these exact specific facts, other than to say that the court does have the power to recall the mandate and reinstate the prior appeal. And if it has the authority to do that, then it would have the jurisdiction to review issues in that case. With respect to the facts, what is the record that we're looking at? Well, I would say, Your Honor, it would involve both administrative records as well as our request that the court supplement the record with the declarations of counsel. And I realize that supplementing the record and providing declarations to the Court of Appeals is not normal. However, under Rule 25, there is at least a procedure for an inmate, for example, to provide an affidavit conferring filing if there's some issue about whether a particular document was filed. And... Is there a pending petition now before the board? Yes, Your Honor. And has it been acted upon either before while Campion was around or after it's been vacated or any other point? No, Your Honor. I spoke with that particular counsel last week. My understanding at that point in time is there's been no ruling by the board. This is pending before the BIA. There is a separate motion to reopen pending before the BIA, which essentially alleges that the filing of the underlying motion to reopen in this particular appeal was deficient performance of counsel because it robbed... I thought it also raises this issue, no? No, it doesn't, Your Honor. No, it does not raise this issue? No, it does not. And we, I attached to my reply brief portions of the, and there's a lot of attachments, so I just attached portions of that motion to reopen and the government's response to the motion to reopen, which indicates that there are different issues raised in that case. And again, I would just emphasize that under Derringer, this claim may be brought with the board, but our argument would be that it does not have to be. Counsel, we're down to less than a half a minute, so do you want to reserve? Yes, Your Honor. Thank you very much. We'll hear from the government. May it please the court, Anna Nelson, Correspondent, Attorney General. This is the second petition for review before this court. The first one was dismissed for failure to prosecute, and those proceedings aren't before this court at this time. The way he's presenting it now, it really isn't... He is presenting it as if it isn't a petition for review.    It's a motion to withdraw our earlier motion to reopen. And go back to the first petition for review. Right, and I disagree with that procedurally. This petition for review is for the board's 2005 motion to reopen denying a new asylum claim based on changed country conditions. Do you agree that it could have filed a habeas? Under saying in Derringer, claiming that there was ineffective assistance... That would have been a different way to do it to get this court's jurisdiction. Because your brief doesn't acknowledge that possibility, but that seems to be what our case law contemplates. It seems like he could do that, or file a motion to reinstate that prior petition, or file a motion to reopen with the board, which he has done, which is addressing the merits of, or at least ineffective assistance of counsel that pertains to those prior proceedings. And even this ineffective assistance of counsel claim that he raises relates more to the May 2003 board decision and those proceedings, which aren't before the court at this time. And so the motion to reopen, the denial of the motion to reopen, which is before this court. That motion to reopen, what was the theory of that motion now? Was it new evidence on the Krakatoa and Christians theory? It's essentially a new asylum claim based on his theory that Muslim extremists would target anyone related to the West and blame them for what happened during the 2004 tsunami, based partially on what had happened in 1883 after a volcanic eruption. The board reviewed the evidence. The articles that he had submitted found that none of those articles support his contention. They relate to warnings for foreigners traveling. They relate to conditions after the tsunami. But nothing supports his claim that Muslim extremists are targeting non-Muslims or Westernized Indonesians and blaming them for the tsunami. And so based on what he had provided to the board, the board did not abuse its discretion finding that he had not supported his claim and did not show prima facie eligibility for asylum. Counsel, what's the government's view as to this motion that's still pending at the BIA? It is still pending. I had checked this morning. It raises an ineffective assistance of counsel claim that he raises now. To the extent that he didn't address everything in that motion is not really for the board to. That is so that that motion does not include the non-filing issue of filing here. And I had read it. And it does mention that, at least in the facts. And to the extent that he didn't raise it to the board and is now asking for another chance to raise it before the board is not really for this court to fix that mistake. You're saying that you think it does raise the IAC with regard to filing in this court. And you also agree that Compion leaves that open whether the board can entertain that. I believe that he does raise that. Our case law does allow it to entertain that. Absolutely. So essentially, there's a pending possibly viable. Absolutely. And which the board could address it. He has submitted documents so they make that decision. And what they could do is reissue the opinion. That's essentially what they're. They can provide the remedies that he's asking for. Whereas this court really can't go back and fix that 2003 board decision based on this petition for review. Does the board have a position as to whether this sort of thing is ineffective assistance? It's been bothering me for quite a while that it seems fairly prevalent now that immigration lawyers are doing this. That is, they are taking money from people, writing the briefs, but purporting to operate pro se. And that has many downsides, as you can see in this. One of which you can see in this case, i.e. the paper then goes to the individual, not to the lawyer. And the individual doesn't know what to do with it. Do you know of any case dealing with that? This court has found, and it is for the board's jurisdiction to review in this case, but this court has found that failure to bring, I mean, basically stopping an appeal from happening from. Well, I know that. But this is a variant and one that has become something of a pattern. She didn't fail to do anything, but she didn't do it in her own name. And that had consequences. Right. And the board could review it for, there is a presumption of prejudice the board in this court has found. And he would have to show that there is plausible relief that he could have succeeded on, which, again, is for the board to determine. And here, it seems unlikely that there's plausible relief. But there is a mechanism for him to show. It would be a presumption, possibly, of prejudice. But he would have to show that he would have succeeded before this court or before this board based on his claims. Does that mean getting to the merits? Is that what you're arguing? The board could. Not here. And I would argue also that the board has reviewed the merits of this case in both the first one that's not before this court and the motion to reopen that is. They reviewed his evidence, the documents he submitted, his arguments, found in this case that he wasn't prima facie eligible. They had completely reviewed the merits of his case in the old one that's not before this court. So I'd argue that there isn't plausible relief, but that would be for the board to determine. And in the matter before this case, the board has an abuse of discretion because it has done everything that it could based on what it's been presented. Could you just show me, if you have it with me, where in the motion to reopen there is mention of the post-decision ineffectiveness? There is none. You said there was. In the motion to reopen that's before this court? In the motion to reopen that's pending now. That is pending now. I don't have it up here. Is that the motion that was filed by Mr. Chin is something we're talking about? Mr. Chin, right. Anything further, counsel? Are there no other questions? No questions. I request that this court deny the petition for review. Thank you. Thank you, counsel. Mr. Hagers, you have a little bit of time. Thank you, Your Honor. Very brief. Counsel says that this isn't there, and you say it isn't. So what's the answer? I'll just point out page 51 of the Pacer filing, bolded argument. The motion to reopen prepared by Ms. Barr constituted ineffective assistance of counsel or deficient performance of counsel. The whole issue is that there's a speech therapy issue that should have been raised rather than the tsunami issue that was raised. If there's any mention of the failure of the prior appeal, it's simply because it was part of the background facts. The only other thing I'd like to mention very briefly is that I submitted to the court today four unpublished memorandums that were issued in the past two months. All of those cases involved Indonesians who were Christian and non-Chinese ethnicity, where the Ninth Circuit Court of Appeals determined that the board had failed to address a disfavored group analysis. And as a result, they remanded the case. Obviously, it's not precedent, but it's something that the court can look at simply for persuasive value in terms of the board not addressing these claims in situations like Mr. Simulon. Except that under Leung, in order to have a disfavored group analysis, you have to have some individualized persecution. Yes, Your Honor. Yes. And here, there was nothing alleged, was there? I would say there was, Your Honor. And I would say that it's not as much. But I would certainly say it's the bombing of the church where he used to personally worship that would provide that evidence. And it's not unlike the Hartooni case, which is discussed in sale, where the court specifically said, look, you don't have to be personally attacked in order to satisfy the standard as long as there's some sort of evidence that you've been individually singled out. And that would be the evidence we rely on. Thank you, counsel. Thank you, Your Honor. The case just argued will be submitted for decision. And we will hear argument next in United States versus Alderman.
judges: O'scannlain, Kleinfeld, Berzon